UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA TORRES, CLAUDIA MARROQUIN, and HERBER LOPEZ,<br><br>Plaintiffs,<br><br>v.<br><br>FLYING FOOD GROUP, LLC, a Delaware limited liability company; and DOES 1-5, inclusive,<br><br>Defendants. | Case No. 2:23-cv-9980-SB-MRW<br><br>**CLASS ACTION**<br><br>**ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT [DKT. NO. 58]** |

**ORDER**

Following the Court's preliminary approval of the proposed class action settlement (Dkt. No. 53), Plaintiffs filed the instant motion for final approval of the settlement and attorneys' fees. Dkt. No. 58. No party opposed the motion. No class members disputed the information provided to them about their workweeks (from which their individual settlement payment amounts were calculated), and none objected or sought to opt out of the settlement. The Court held a hearing on the motion on February 7, 2025.

Having carefully reviewed the additional documentation provided in connection with the final approval motion—which once again reflects commendable attention to the requirements for class settlement approval—the Court concludes that the settlement,

the requested fees, and other awards are all fair and reasonable. The Court therefore adopts Plaintiffs' proposed findings below, with minor modifications, and grants the motion.

## I.     Certification of Settlement Classes

The Court incorporates its discussion of the relevant background of this case and the proposed class action settlement agreement from its order granting preliminary approval of the settlement. Dkt. No. 53. The Court previously found that "Plaintiffs and their attorneys adequately represent the class," and that all four elements of Rule 23(a) were satisfied. *Id*. at 4–6. The Court certified, for purposes of settlement, the following classes:

- **Settlement Class**: All current and former non-exempt hourly employees of Defendant Flying Food Group, LLC (FFG) who worked at any of Defendant's facilities at any time during the class period.

- **LWO Settlement Subclass**: All non-exempt hourly employees who were employed by FFG at any of Defendant's facilities at any time during the LWO subclass period who were paid less than the Living Wage Ordinance (LWO) hourly full cash wage rate.

Since the Court's preliminary approval order, there have been no "material changes to any of the information relevant to the application of the factors that are used to determine whether the certification of a class is appropriate under Fed. R. Civ. P. 23." *Miller v. Wise Co.*, No. 17-CV-00616-JAK, 2020 WL 1129863, at *4 (C.D. Cal. Feb. 11, 2020). Thus, the Court adopts its earlier analysis and grants the motion for certification of the classes for settlement purposes only.

## II.    Settlement Approval

Plaintiffs now seek final approval of the class settlement. The principal terms of the settlement are summarized below:

| Gross Settlement Amount | $510,000.00 |
|---|---|
| Service Awards | $4,500.00 |

2

| PAGA Payment | $10,000.00 |
|---|---|
| Attorney's Fees | $50,000.00 |
| Costs | $2,000.00 |
| Settlement Administration Costs | $12,950.00 |
| Employer's Payroll Taxes | $31,245.57 |
| **Net Settlement Amount** | **$399,304.43** |

These figures are the same as those preliminarily approved by the Court with two exceptions: (1) the settlement administration costs are lower than the $15,000 preliminarily approved by the Court because the administration was completed under budget; and (2) although the settlement agreement requires the employer's taxes on the settlement payment to be paid out of the gross settlement amount, Dkt. No. 58-3 at 12, the motion for preliminary approval did not quantify those taxes.

At this stage, the Court considers whether "the settlement is 'fair, reasonable, and adequate.'" *Lane v. Facebook, Inc.*, 696 F.3d 811, 818 (9th Cir. 2012) (quoting Fed. R. Civ. P. 23(e)). The Court's inquiry is guided by several, non-exclusive factors:

> the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

*Id.* (citation omitted). "Each factor does not necessarily apply to every class action settlement, and others may also be considered." *Miller*, 2020 WL 1129863, at *5. Pursuant to the 2018 amendments to Rule 23, the Court must also consider whether:

(A) the class representatives and class counsel have adequately represented the class;

(B) the proposal was negotiated at arm's length;

(C) the relief provided for the class is adequate, taking into account:

    (i) the costs, risks, and delay of trial and appeal;

3

   (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

   (iii) the terms of any proposed award of attorney's fees, including timing of payment; and

   (iv) any agreement required to be identified under Rule 23(e)(3); and

 (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

  The Court's preliminary approval order considered multiple relevant factors provided by the Ninth Circuit and concluded that the class settlement was fair. *See* Dkt. No. 53 at 6–9 (citing *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011)). No party or class member has raised any issue that would alter this conclusion, and Plaintiffs' submission provides further support for the reasonableness and fairness of the settlement, which was the product of extensive, non-collusive negotiations after considerable discovery and litigation. As such, the Court adopts its prior analysis, concludes that the settlement appears fair, reasonable, and appropriate, and grants final approval of the class settlement. This includes final approval of Lauren Teukolsky of Teukolsky Law and Jeremy Blasi of UNITE HERE Local 11[1] as class counsel and of Plaintiffs Maria Torres, Herber Lopez, and Claudia Marroquin as class representatives, as well as final approval of the $12,950 reimbursement of the settlement administrator's fees and costs and the $7,500 payment to the California Labor and

---

[1] Since the Court granted preliminary approval, Jeremy Blasi replaced Alyssa Peterson as counsel for UNITE HERE Local 11. Dkt. No. 57. This substitution does not materially affect the Court's conclusion about the adequacy of class counsel given Mr. Blasi's qualifications and experience as set forth in his declaration. Dkt. No. 58-9.

Workforce Development Agency under California's Private Attorneys General Act (PAGA). Thus, the motion is granted with respect to these issues.

The Court finds that a full opportunity has been afforded to class members to make objections to the settlement and to participate in the final approval hearing. The Court also finds that class members have had a full and fair opportunity to exclude themselves from the class settlement. Indeed, the settlement administrator succeeded in providing notice to 100 percent of the class members, and no class members opted out or objected to the settlement. Accordingly, the Court determines that all class members are bound by this Order Granting Final Approval of Class Action and PAGA Settlement.

Settlement Class Members shall therefore be conclusively determined to have given a release of any and all Released Class Claims against any and all Released Parties, and Aggrieved Employees and the State of California shall be conclusively determined to have given a release of any and all Released PAGA Claims against any and all Released Parties, as those terms are set forth in the Settlement Agreement and Class Notice. Upon full and final payment by FFG of the Gross Settlement Amount consistent with the Settlement, Plaintiffs and all Settlement Class Members and Aggrieved Employees, and anyone acting on their behalf are permanently and forever barred and enjoined from instituting, commencing or continuing to prosecute, directly or indirectly, as an individual or collectively, representatively, derivatively, or on behalf of himself or herself, or in any other capacity of any kind whatsoever, any action in this Court, any other court or any arbitration or mediation proceeding or any other similar proceeding, against any Released Parties that asserts any claims that are Released Claims under the terms of the Settlement.

In compliance with the requirements of 28 U.S.C. § 1715(d), on October 4, 2024, counsel for Defendant provided notice of the settlement to the appropriate state and federal officials. Dkt. No. 54. More than 90 days have elapsed since Defendant provided such notice, and no state or federal official has raised or served written

objections or concerns regarding the settlement or appeared at the final fairness hearing to object to the settlement.

In compliance with the requirements of California Labor Code § 2699(s)(2), counsel for Plaintiffs provided notice to the Labor and Workforce Development Agency (LWDA) of the settlement on September 25, 2024. Dkt. No. 58-2 ¶ 41. Plaintiff's counsel received no objections from the LWDA regarding the settlement.

The only remaining questions concern the allocation of attorneys' fees and costs and Plaintiffs' class representative awards.

### III. Attorneys' Fees and Costs

Class counsel seek $50,000 in attorneys' fees, plus reimbursement of actual out-of-pocket costs amounting to $2,000. Rule 23(h) provides that "[i]n a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Here, the settlement agreement provides for the fees and costs requested. Dkt. No. 58-3 ¶ 3.6(a).

"Under Ninth Circuit law, the district court has discretion in common fund cases to choose either the percentage-of-the-fund or the lodestar method." *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002). In cases involving the percentage-of-recovery method, "the court simply awards the attorneys a percentage of the fund sufficient to provide plaintiffs' attorneys with a reasonable fee." *Zucker v. Occidental Petroleum Corp.*, 968 F. Supp. 1396, 1400 (C.D. Cal. 1997) (cleaned up), *aff'd*, 192 F.3d 1323 (9th Cir. 1999)). In the Ninth Circuit, the typical "benchmark" in cases where fees are awarded as a percentage of the recovery is 25%. *Stanger v. China Elec. Motor, Inc.*, 812 F.3d 734, 738 (9th Cir. 2016).

Here, class counsel's request of $50,000 represents 9.8% of the common settlement fund, far below the 25% benchmark used in the Ninth Circuit. There is no opposition to this request. The Court finds that the requested figure is reasonable. Class Counsel achieved a substantial benefit for the members of the class (allowing them to obtain compensation for unpaid wages, missed meal periods, and related penalties). The

request is also supported by reference to the lodestar method, under which Plaintiffs calculate a lodestar amount of approximately $320,000. Thus, the $50,000 in fees that class counsel seek is far less than the lodestar figure, even if the Court were to make downward adjustments to the hours and rates set forth by counsel.

Class counsel also detail the costs spent litigating this action. These include filing fees, legal research charges, mileage for travel to court, and service fees. Under Ninth Circuit law, counsel can recover "out-of-pocket expenses that would normally be charged to a fee paying client," including costs for "service of summons and complaint, service of trial subpoenas, [expert deposition fees], postage, investigator [fees], copying costs, hotel bills, meals, messenger service and employment record reproduction." *Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994). Such costs are properly recoverable on motions for settlement approval. Class Counsel moves to recover $2,000 in costs—less than the total costs they actually incurred. The Court finds these expenses were reasonably incurred and are recoverable.

**IV. Class Representative Awards**

Finally, Plaintiffs seek a $1,500 service award for each of the named class representatives (Maria Torres, Herber Lopez, and Claudia Marroquin), for a total of $4,500. The settlement provides for these awards, Dkt. No. 58-3 ¶ 3.5(a), and no objection has been raised to them.

The Court previously concluded that the awards—which represent less than 1 percent of the gross settlement amount—were "within the range that courts have found acceptable." Dkt. No. 53 at 8–9. Each of the class representatives submitted a declaration, in which they explained the effort they expended in securing a settlement on behalf of those similarly situated to them. Dkt. Nos. 51-7 (Declaration of Maria Torres), 51-8 (Declaration of Herber Lopez), 51-9 (Declaration of Claudia Marroquin). For example, Ms. Torres "attended multiple in-person meetings" with class counsel, "assisted them with the investigation of important facts of the case," and provided class counsel with information and documents. Dkt. No. 51-7 ¶ 5. Ms. Marroquin likewise

met with class counsel "on multiple occasions," assisted them "in investigating key facts," and searched her files for relevant documents. Dkt. No. 51-9 ¶ 7. All three class representatives opted out of the settlement in an earlier-filed class action lawsuit against FFG (*Rodas v. Flying Food Group*, LLC (No. 2:19-cv-436)) and did not receive significant monetary compensation they otherwise would have received. Dkt. No. 51-7 ¶ 6; Dkt. No. 51-8 ¶ 6; Dkt. No. 51-9 ¶ 8. Based on the facts contained in these declarations, the Court concludes that a $1,500 service award to each of the class representatives is appropriate. The motion is thus granted on these grounds.

### V. Conclusion

The Court finds the proposed settlement—including all contemplated fees, costs, and awards—is reasonable and fair. Consequently, the Court GRANTS the Motion for Final Approval of Settlement and for Attorneys' Fees and Costs in full. The Court hereby directs Defendant to fund the gross settlement amount pursuant to the settlement administrator's instructions no later than thirty days after the date of this order. The Court further directs Phoenix Settlement Administrators to distribute the settlement funds in accordance with the settlement agreement.

To summarize, Defendant Flying Food Group, LLC shall pay into the settlement fund the total amount of $510,000. From this amount, the following amounts are owed:

- The net settlement amount to be paid to settlement class members in the amount of $399,304.43. It is hereby ordered that any and all checks issued shall indicate on their face that, consistent with standard bank procedures, they are void if not negotiated within 180 calendar days of their issuance, and the uncashed checks will be deposited within the State of California Controller's Office of Unclaimed Funds in the name of the individual to whom the check had been addressed, according to the methodology and terms set forth in the settlement agreement.

- The PAGA Payment to the Labor & Workforce Development Agency and aggrieved employees in the total amount of $10,000, with $7,500 being paid to the LWDA and $2,500 being paid to aggrieved employees.

- Settlement administration costs to Phoenix Settlement Administrators in the amount of $12,950.
- FFG's share of payroll taxes to be paid by Phoenix Settlement Administrators to the applicable state agencies in the amount of $31,245.57.
- Service awards in the amount of $1,500 each to Class and PAGA Representatives Maria Torres, Herber Lopez, and Claudia Marroquin.
- Attorneys' fees of $50,000 to class counsel; and
- Attorneys' costs of $2,000 to class counsel.

Class counsel must direct Phoenix Settlement Administrators to post this order on the settlement website within five business days. By August 15, 2025, class counsel must file a final report regarding distribution of the settlement funds. The Court dismisses this action with prejudice and without costs except as otherwise provided for herein.

**IT IS SO ORDERED.**

Dated: February 7, 2025



Stanley Blumenfeld, Jr.
United States District Judge