JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA TORRES, CLAUDIA MARROQUIN, and HERBER LOPEZ,<br><br>Plaintiffs,<br><br>v.<br><br>FLYING FOOD GROUP, LLC, a Delaware limited liability company; and DOES 1-5, inclusive,<br><br>Defendants. | Case No. 2:23-cv-9980-SB-MRW<br><br>**CLASS ACTION**<br><br>**FINAL JUDGMENT RE CLASS ACTION AND PAGA SETTLEMENT** |

## JUDGMENT

Consistent with the Court's Order Granting Motion for Final Approval of Class Action and PAGA Settlement entered this day, the Court hereby enters judgment against Defendant Flying Food Group, LLC ("FFG") as set forth below in the form approved by the parties.

1. The Court hereby enters final judgment in this action in accordance with the terms of the Settlement (Dkt. #58-3), the Court's Order Granting Motion for Preliminary Approval of Class Action Settlement (Dkt. #53), and the Court's Order Granting Motion for Final Approval of Class Action and PAGA Settlement ("Final Approval Order").

2. The "Settlement Class" is defined as all current and former non-exempt hourly employees of FFG who worked at any of Defendant's Facilities at any time from September 27, 2019 to October 7, 2024 (the "Class Period"). "Defendant's Facilities" means the Defendant's facilities located at 5807 W. 98th St., Los Angeles, CA 90045, 6751 W. Imperial Hwy., Los Angeles, CA 90045, 901 W. Hillcrest Boulevard, Inglewood, CA 90301, and 5253 W. Imperial Hwy., Los Angeles, CA 90045.

3. The "LWO Settlement Subclass" is defined as all non-exempt hourly employees who were employed by FFG at any of Defendant's Facilities at any time from February 1, 2023 through October 8, 2023 (the "LWO Subclass Period") who were paid less than the LWO hourly full cash wage rate.

4. "Released Class Claims" means any and all claims, rights, demands, debts, obligations, guarantees, liabilities, costs, expenses, attorneys' fees and costs, experts' fees and costs, damages, actions and causes of action of every nature and description, whether known or unknown, actual or potential, contained in or reasonably arising out of the same set of operative facts in the Complaint, First Amended Complaint, Second Amended Complaint, Third Amended Complaint, PAGA letter dated September 27, 2023, Amended PAGA letter dated December 1, 2023, or Second Amended PAGA letter dated January 26, 2024, or that could have been alleged based on any matter or fact set forth therein, during the Class Period, including, without limitation, claims for unpaid, miscalculated or untimely payment of wages (including, without limitation, regular wages, minimum wage, wages under the LWO, prevailing wages, overtime and double-time, vacation wages, and sick leave), inaccurate wage statements, untimely payment of wages during employment and upon termination thereof, failure to provide legally-compliant meal periods, failure to pay compliant meal and rest break premiums, failure to keep adequate records, pre- and post-judgment interest, compensatory and statutory compensation, general damages, disgorgement, declaratory relief, statutory damages, accounting of all minimum wages and sums allegedly unlawfully withheld as a result thereof, injunctive relief, restitution, statutory or civil penalties, interest and/or

1  attorneys' fees as a result thereof, including, but not limited to, those arising under
2  California Labor Code sections 201-203, 204, 210, 218.5, 223, 225.5, 226, 226.3, 226.7,
3  227.3, 246-248, 510, 512, 558, 1194, 1197, 1198, 2699(f), the applicable IWC Wage
4  Order, as well as Labor Code section 2698, et seq., California Business & Professions
5  Code section 17200 et seq., and California Civil Code section 1021.5.

6      5.    "Released PAGA Claims" means any and all claims for civil penalties
7  under California Labor Code § 2698, *et seq.*, contained in or reasonably arising out of
8  the same set of operative facts in the Complaint, Amended Complaint, Second
9  Amended Complaint, Third Amended Complaint, PAGA letter dated September 27,
10  2023, Amended PAGA letter dated December 1, 2023, or Second Amended PAGA
11  letter dated January 26, 2024, or that could have been alleged based on any matter or
12  fact set forth therein, during the PAGA Period,  including, without limitation, claims
13  for unpaid, miscalculated or untimely payment of wages (including, without limitation,
14  regular wages, minimum wage, wages under the LWO, prevailing wages, overtime and
15  double-time, vacation wages, and sick leave), inaccurate wage statements, untimely
16  payment of wages during employment and upon termination thereof, failure to provide
17  legally-compliant meal periods, failure to pay compliant meal and rest break premiums,
18  failure to keep adequate records, interest and/or attorneys' fees as a result thereof,
19  including, but not limited to, those arising under California Labor Code sections 201-
20  203, 204, 210, 218.5, 223, 225.5, 226, 226.3, 226.7, 227.3, 246-248, 510, 512, 558,
21  1194, 1197, 1198, 2699(f), the applicable IWC Wage Order during the PAGA Period,
22  which is September 27, 2022 to October 7, 2024.

23      6.    The Court finds that a full opportunity has been afforded to all current and
24  former FFG employees who fall within the Settlement Class definition to:  object to the
25  settlement; participate in the final approval hearing, held on February 7, 2024; and
26  exclude themselves from the Settlement.  No current or former FFG employee covered
27  by the Settlement Class definition submitted a Request For Exclusion.  Counsel for FFG
28  provided timely notice of this settlement to the appropriate state and federal officials,

in compliance with the requirements of 28 U.S.C. § 1715(d), and no such official has raised or served written objections or concerns regarding the settlement or appeared at the final fairness hearing to object to the settlement. Furthermore, counsel for Plaintiffs provided notice to the Labor and Workforce Development Agency ("LWDA"), in compliance with California Labor Code § 2699(s)(2), and received no objections from LWDA regarding the settlement. Accordingly, the Court determines that all Settlement Class Members are bound by this Judgment.

7. Upon full and final payment by FFG of the Gross Settlement Amount consistent with the Settlement, all Plaintiffs, Settlement Class Members, and LWO Subclass Members, shall have, by operation of the Final Approval Order and this Judgment, fully, finally, and forever released, relinquished, and discharged the Released Parties from the Released Claims for the Class Period, as those terms are respectively defined in the Settlement, and are hereby forever barred and enjoined from prosecuting such Released Claims against the Released Parties.

8. Upon full and final payment by FFG of the Gross Settlement Amount consistent with the Settlement, all Plaintiffs, Aggrieved Employees, and State of California shall be conclusively determined to have given a release of any and all Released PAGA Claims against any and all Released Parties for the PAGA Period, as set forth in the Settlement.

9. Plaintiffs, Settlement Class Members, LWO Settlement Subclass Members, the State of California, and Aggrieved Employees, and anyone acting on their behalf are permanently and forever barred and enjoined from instituting, commencing or continuing to prosecute, directly or indirectly, as an individual or collectively, representatively, derivatively, or on behalf of himself or herself, or in any other capacity of any kind whatsoever, any action in this Court, any other court or any arbitration or mediation proceeding or any other similar proceeding, against any Released Parties that asserts any claims that are Released Claims under the terms of the Settlement.

10. Consistent with the Final Approval Order, judgment is hereby entered against Defendant Flying Food Group, LLC in the total amount of $510,000. From this amount, the following amounts are owed:

   a. The Net Settlement Amount to be paid to Settlement Class Members is $399,304.43. It is hereby ordered that any and all checks issued shall indicate on their face that, consistent with standard bank procedures, they are void if not negotiated within one hundred and eighty (180) calendar days of their issuance, and the uncashed checks will be deposited within the State of California Controller's Office of Unclaimed Funds in the name of the individual to whom the check had been addressed, according to the methodology and terms set forth in the Settlement Agreement.

   b. The PAGA Payment to the Labor & Workforce Development Agency and Aggrieved Employees in the total amount of $10,000, with $7,500 being paid to the LWDA and $2,500 being paid to Aggrieved Employees.

   c. Settlement Administration costs to Phoenix Settlement Administrators in the amount of $12,950.

   d. FFG's share of payroll taxes to be paid by Phoenix to the applicable state and federal agencies is $31,245.57.

   e. Service Awards in the amount of $1,500 each to Class and PAGA Representatives Maria Torres, Herber Lopez, and Claudia Marroquin.

   f. Attorneys' fees of $50,000 to Class Counsel; and

   g. Attorneys' costs of $2,000 to Class Counsel.

11. The Court hereby directs FFG to fund the Gross Settlement Amount pursuant to the Settlement Administrator's instructions no later than thirty (30) after the date of this order. The Court further directs Phoenix to distribute the settlement funds in accordance with the Settlement.

12. Class Counsel must direct Phoenix to post this Judgment on the settlement website within five business days.

13. The Court enters final judgment in this action and dismisses this action with prejudice and without costs except as otherwise provided for herein.

**IT IS SO ORDERED.**

Dated: February 7, 2025

Stanley Blumenfeld, Jr.
United States District Judge